## KIMBALL *v.* SCHOFF.

A deed of land upon a stream, described it by the number of the lot, and added, " being the same farm on which the said K. now lives." An island in the stream, opposite to and nearest the farm, was not occupied by K.—*Held*, that the words were not restrictive, and the island passed.

S. conveyed, with warranty, to K., land claimed by his father, and after the father's death purchased the land of the heirs, one of whom was the wife of K., and released, with her husband, all her right.—*Held*, that K. could not claim against his own deed the share of his wife, but that all the residue enured to him by estoppel.

THIS was a writ of entry, brought by Edward W. Kimball against Seneca Schoff, to recover a small island in the Connecticut river, in Stratford.

The parties agree that about the year 1835, George Kimball entered as tenant upon a farm which was then owned by the defendant, composed of lot No. 54 and the southerly part of lot No. 55, in the first division of lots in said Stratford. These lots are bounded upon the Connecticut river, which at Stratford is not a navigable stream. The island in question lies against said farm, and, until the construction of the Atlantic & St. Lawrence Railroad, in 1852, was separated from the main land by a channel con-

taining not above a fourth of the water of the river, and not a fourth of the width of the river.

The defendant conveyed said farm to George Kimball, by a deed dated May 11, 1837, by the following description : " The following described land, situate in Stratford, viz., the whole of the first division lot drawn or set to the original right of George Lewis, in said Stratford, being lot No. 54, in the first division ; also, one sixth part of the first division lot of the original right of Thomas Towsey, in said Stratford, being lot No. 55, and in equal quality and quantity as tenant in common, containing in the whole about fifty-eight and one third acres, more or less, and being the farm on which the said Kimball now lives."

Said George Kimball conveyed the island and other lands to the plaintiff, by deed dated March 26, 1856, in which the said island is described as follows : " Also a piece of land that was formerly, and before the construction of the Atlantic & St. Lawrence Railroad, an island in the Connecticut river, and lying west of and adjoining the farm on which we now live, &c., known as the Acre island."

Henry Schoff, the father of the defendant, formerly owned a farm below the farm above described, consisting of lot No. 53 and other lands, and the defendant contends that said Henry acquired title to said island by over twenty years' occupation, under claim of title.   Said Henry did occupy said island, but whether for twenty years, and whether he occupied it claiming title, is matter in dispute.

Henry Schoff died in 1838.   The defendant and the wife of said George Kimball were two of the heirs to his estate.

The defendant bought out the other heirs and became possessed of the whole of the farm and real estate belonging to said Henry Schoff, and among other deeds he received from George Kimball and his wife a deed dated March 13, 1847, conveying " all the right, title, claim and

demand the said Mary Kimball has in and unto the real estate of Henry Schoff, her father, late of Stratford, deceased," &c., "meaning hereby to convey all the right, interest, claim and demand the said Mary has, or hereafter may have, in and unto the estate of her father, the said deceased, as a daughter and heir," &c.

The plaintiff contends that the defendant is estopped by his said deed to set up such title; that he conveyed said island in his deed to George Kimball, with warranty, and all title that he has acquired enures to make such warranty good.

The defendant contends that this island is not included within the lots conveyed, and that even if the island be included by a conveyance of the lots, his conveyance is limited and restricted by the clause in the deed, "being the same farm upon which said Kimball now lives," said Kimball at the time of making said deed being in occupation of the said farm, and not then actually, for any other purpose, using the island; the said Henry Schoff occupying at that time said island to some extent.

The defendant contends that even if his description in his deed is held to include the island, he is not estopped from showing title in Henry Schoff, and his subsequent acquirement of it by heirship and purchase, the said George Kimball and wife, through whom the plaintiff claims, having, March 13, 1847, and subsequently to the conveyance from Schoff to him, released to him all the right they had in all real estate which Henry Schoff owned.

*Heywood*, with *Benton & Ray*, for the plaintiff.

I. By the legal operation of the defendant's deed, dated May 11, 1837, the island in controversy was conveyed to George Kimball, the plaintiff's grantor.

1. Where a deed or grant of land is bounded upon a river not navigable, the boundary line extends to the centre of the stream, including the water, the bed of the

stream, and all the islands, unless there is an express reservation to the contrary. *Greenleaf* v. *Kilton,* 11 N. H. 530.

2. It is not contested that the general principle is, that, in the construction of deeds, lands bounded by a river or stream not navigable, extend to the centre of the river. *Claremont* v. *Carleton,* 2 N. H. 369; *State* v. *Gilmanton,* 9 N. H. 461; *Greenleaf* v. *Kilton,* before cited.

3. The construction is still the same if the land is described as bounding at a stake, or tree upon the bank; thence up, or down, or on, or by the river, to another bound, on the bank. *Greenleaf* v. *Kilton,* before cited; Reed's Petition, 13 N. H. 381 ; *Lunt* v. *Holland,* 14 Mass. 149.

4. Towns bounded on or by the Connecticut or Merrimack river, or by lines up or down those rivers, extend to the centre of the river. *State* v. *Canterbury,* 28 N. H. 195.

II. The centre, or thread of a river, is either the centre in respect to the whole quantity of water or to the whole width of the stream. *Claremont* v. *Carleton,* before cited.

1. In *Plymouth* v. *Holderness,* cited in *State* v. *Canterbury,* 28 N. H. 217, it was held that the centre of the Pemigewasset river was midway between the banks.

2. It is an elementary principle of law that islands, in unnavigable rivers, belong to the person who owns the land on that side of the river to which they are nearest. *Claremont* v. *Carleton*; *Lunt* v. *Holland,* before cited; *Handley* v. *Anthony,* 5 Wheat. 374; 2 Bl. Com. 261; Bracton, b. 2, ch. 2.

III. The clause contained in the defendant's deed to George Kimball, dated May 11, 1837, viz., " being the same farm upon which said Kimball now lives," does not limit or restrict the operation of the grant, in any legal sense whatever. The words are used merely to describe and identify the premises conveyed.

IV. The defendant conveyed these premises to the plaintiff's grantor, by deed of warranty, and he is now

estopped from setting up a title thereto, acquired from a third person, whether it be by way of heirship, purchase or possession.

1. A party who has conveyed land, with warranty of title, is estopped to deny the title he has assumed to convey, or to set up the title of a third person to the land. *Thorndike* v. *Norris*, 24 N. H. 454; *Wark* v. *Willard*, 13 N. H. 389; *Wilkinson* v. *Scott*, 17 Mass. 249; *Head* v. *Hall*, 16 Pick. 457; *Nash* v. *Spofford*, 10 Met. 192.

2. A covenant of warranty also estops the grantor from setting up an after acquired title, for it is a perpetually operating covenant; 1 Gr. Ev., sec. 24; *Somes* v. *Skinner*, 3 Pick. 52; *Jackson* v. *Wright*, 14 Johns. 193; *Jackson* v. *Matsdorf*, 11 Johns. 97; *Terrett* v. *Taylor*, 9 Cranch 43.

*J. W. & G. C. Williams*, for the defendant.

BELL, C. J. The owner of the land adjoining a river not navigable is *primâ facie* owner of the soil to the central line, or thread of the river. This presumption will prevail in all cases in favor of the riparian proprietor, unless it appears that his title is limited to the bank, or some other line. *Deerfield* v. *Arms*, 17 Pick. 42. Upon this principle an island, situate in such a river, is presumed to belong to the owner of the land on that side of the river to which it is nearest, unless it is shown to be the property of another owner. *Proprietors of Claremont* v. *Carleton*, 2 N. H. 372.

It is a rule in the construction of deeds, founded on this legal presumption, that a conveyance of land bounded on a river not navigable, or by a line up or down, or upon, or by such a river, conveys the land to the middle line, or thread of the stream, including the water and bed of the river, and all islands on that side of the middle line, if the grantor has power to convey to that extent; and if he is

not the owner, or has not such power, he will be liable upon his covenants for the deficiency. *Nichols* v. *Suncook Manf. Co.*, 34 N. H. 349.

In this case the island in question was separated from the rest of the farm conveyed by the defendant to G. Kimball, on the 11th of May, 1837, which extended along the river opposite to it, by a channel containing not above one fourth of the water of the river, and not a fourth of its width. There is no evidence to show that the farm did not extend to the centre of the river, and it must, therefore, be presumed that the centre of the river was the boundary, and that the island was part of the farm.

The deed of the defendant to Kimball, after describing the farm by the numbers of the original lots, has this clause : " being the same farm upon which said Kimball now lives." Kimball then lived upon this farm, but did not for any practical purpose occupy the island. Henry Schoff was then occupying it to some extent, but not under Kimball.

In construing deeds, no word or clause is to be rejected or overlooked, if a reasonable and consistent construction can be given to it. *Drew* v. *Drew*, 28 N. H. 494. The whole is to be considered together, and effect is to be given, if it may, to every part of it. *Webster* v. *Atkinson*, 4 N. H. 26. This expression is to have its full effect, but we are unable to see that it exerts any limiting or qualifying force upon the other parts of the deed. It is agreed that Kimball lived on the farm at the time of the conveyance, and whatever may be included or excluded, it is nevertheless true that the farm is in this respect correctly described. If the language was, instead of " now lives," " now occupies," or " now improves," or the like, it might be plausibly contended that any part of it which he did not occupy or improve should be excluded ; but the language used has no such limiting effect, and if the island was in fact a part

of the farm on which he lived, it was immaterial who improved or occupied it.

The defendant's deed to Kimball must, therefore, be construed to convey every thing, including the island, to the middle line of the river, unless it may appear upon a trial that Henry Schoff had acquired a title to the island by adverse possession ; and except in that case the deed vested the title to the island in the plaintiff. If Henry Schoff had acquired a good title to the island at the time of his death, other questions arise.

The deed of the defendant to Kimball was a deed of warranty, which in legal construction covered this island. Now the rule of law is, that if a man conveys land to which he has not a good title, by a deed containing covenants of general warranty, or of warranty against all persons claiming under him, and he afterward acquires a title to it, the title thus acquired will enure to the benefit of the grantee by estoppel. *Morrison* v. *Underwood*, 20 N. H. 372 ; *Bell* v. *Twilight*, 26 N. H. 401 ; *Jewell* v. *Porter*, 31 N. H. 39.

In this case the defendant has acquired, by descent from his father, Henry Schoff, and by conveyances from his co-heirs, the entire interest and title supposed to have been gained by H. Schoff, by adverse possession, long since his conveyance to Kimball. This title thus acquired, by the principle of estoppel just stated, enures exclusively for the benefit of the plaintiff, as the grantee of Kimball, and the defendant is estopped to set up against him the title so acquired.

To this result there is one exception. Mrs. Kimball, the wife of G. Kimball, was one of the heirs of Henry Schoff, and she and her husband joined in a conveyance to the defendant of all her right and interest, as one of the heirs of her father, Henry Schoff, in his estate, with covenants of warranty. G. Kimball is consequently estopped by his own covenants of warranty to claim the share of

his wife ; and the plaintiff, his grantee, is equally bound. Here, then, we have an estoppel on each side—an estoppel against an estoppel—and that, as the authorities say, sets the matter at large ; in other words, the parties are in the same situation as if there were no warranties. Bro. Abr. 303, b. 183 ; Com. Dig., Estoppel, E. 9 ; Co. Litt. 352, b. (l.) ; *Carpenter* v. *Thompson*, 3 N. H. 204. The defendant, therefore, may hold the share of Mrs. Kimball in the island, if she has any, as heir of her father, but the plaintiff will be entitled to recover the residue.